UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHELLE A. TASSEFF, as Executrix of the
Estate of JOSEPHINE EWING,

                              Plaintiff,

              v.

DANIELLE KWAKYE-BERKO, M.D.,
ALFREDO RODES, M.D.
WNY MEDICAL, P.C.,
CHRISTOPHER BIONDOLILLO, M.D.,
NEIGHBORHOOD HEALTH CENTER,
NORTHWEST BUFFALO COMMUNITY
 HEALTH CENTER,
                              Defendants.

_____

### NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NEW YORK

TO:   ERIE COUNTY CLERK

       Defendant, United States of America, by James P. Kennedy, Jr., United States

Attorney for the Western District of New York, and Mary K. Roach, Assistant United

States Attorney, respectfully represents:

       1.  Christopher Biondolillo, M.D., Neighborhood Health Center and Northwest

Buffalo Community Health Center are defendants in the above-entitled civil action now

pending in New York State Supreme Court, Erie County, Index number 802204/2021 and

no trial has yet been had therein.  An index of the pleadings filed in State Court is attached

hereto as Exhibit A.

2. Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §233(g)-(n), at all times relevant to this complaint, Christopher Biondolillo, M.D., Neighborhood Health Center and Northwest Buffalo Community Health Center, defendants in the above entitled action, were covered under the Federal Tort Claims Action ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80 as Public Health Service *Employees* and were acting within the scope of their employment.  Exhibit B, Certification of the U.S. Attorney for the Western District of New York.

3.  As such, the above entitled action may be removed at any time before trial without bond to this Court pursuant to Title 42, United States Code, Section 233(c) because plaintiffs seek judgment for damages resulting from the allegedly negligent or wrongful act or omission of officers and employees of the United States.  Therefore, a remedy by suit against the United States pursuant to the provisions of 42 U.S.C. §233(a) is the exclusive remedy available to the plaintiff for the claims alleged in the claim.

4.  Title 42, United States Code, Section 223(c) provides that an action of this type shall be deemed an action brought against the United States.

**WHEREFORE,** the action now pending in the New York State Supreme Court for the County of Erie, is hereby removed therefrom to the United States District Court for the Western District of New York.

DATED:     Buffalo, New York
           June 14, 2021

                        Respectfully submitted,

                        JAMES P. KENNEDY, JR.
                        United States Attorney


           BY:   S/MARY K. ROACH
                 Assistant United States Attorney
                 Western District of New York
                 138 Delaware Avenue
                 Buffalo, New York  14202
                 716-843-5866
                 Mary.k.roach.@usdoj.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHELLE A. TASSEFF, as Executrix of the
Estate of JOSEPHINE EWING,

Plaintiff,

v.

DANIELLE KWAKYE-BERKO, M.D.,
ALFREDO RODES, M.D.
WNY MEDICAL, P.C.,
CHRISTOPHER BIONDOLILLO, M.D.,
NEIGHBORHOOD HEALTH CENTER,
NORTHWEST BUFFALO COMMUNITY
 HEALTH CENTER,

Defendants.

---

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, I have filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the District Court.

I further certify that on June 14, 2021, I have mailed the foregoing **NOTICE OF REMOVAL**, by the United States Postal Service, to the following:

KATHLEEN M. SWEET
69 Delaware Avenue, Suite 900
Buffalo, NY 14202

PATRICK J. MALONEY
21 Princeton Place
Orchard, New York 14127

S/Cheryl Kinmartin

4

# EXHIBIT A

EXHIBIT A


MICHELLE A. TASSEFF, as Executrix of the Estate of JOSEPHINE EWING,
Plaintiff v. DANIELLE KWAKYE-BERKO, M.D., ALFREDO RODES, M.D.
WNY MEDICAL, P.C., CHRISTOPHER BIONDOLILLO, M.D.,
NEIGHBORHOOD HEALTH CENTER, NORTHWEST BUFFALO COMMUNITY
HEALTH CENTER, Defendants.

Index No. 802204/2021
INDEX OF DOCUMENTS
FILED IN STATE COURT

1.   Summons dated February 23, 2021;
2.   Complaint dated February 23, 2021;
3.   Notice of United States Under 42 U.S.C. § 233(l)(1) dated March 29, 2021;
4.   Answer with Cross-Claims Danielle Kwakye-Berko, M.D., dated April 5, 2021;
5.   Answer with Cross-Claims Alfredo Rodes, M.D., dated April 5, 2021;
6.   Notice of Examination Before Trial of Michelle A. Tasseff dated April 5, 2021.

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 802204/2021
RECEIVED NYSCEF: 02/23/2021

SUPREME COURT
STATE OF NEW YORK        COUNTY OF ERIE

MICHELLE A. TASSEFF as Executrix of the Estate of
JOSEPHINE EWING,
54 Cloister Court
Blasdell, New York   14219

                    Plaintiff

-vs-

DANIELLE KWAKYE-BERKO, M.D.
1500 Broadway
Buffalo, New York 14212

ALFREDO RODES, M.D.
1026 Union Road
West Seneca, New York   14224

WNY MEDICAL, PC
3995 Eggert Road
Orchard Park, New York   14127

CHRISTOPHER BIONDOLILLO
4233 Lake Avenue
Blasdell, New York. 14219

NEIGHBORHOOD HEALTH CENTER
4233 Lake Avenue
Blasdell, New York   14219

NORTHWEST BUFFALO COMMUNITY HEALTH CENTER
155 Lawn Avenue
Buffalo, New York   14207

                    Defendants.

**SUMMONS SERVED**

**WITH COMPLAINT**

Index No.

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM

NYSCEF DOC. NO. 1

INDEX NO. 802204/2021

RECEIVED NYSCEF: 02/23/2021

To the above named Defendants:

YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon the Plaintiffs' attorneys, at the address stated below, a written Answer to the attached Complaint.

If this Summons is served upon you within the State of New York by personal service, you must respond within TWENTY (20) days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York, you must respond within THIRTY (30) days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie because of:

(X) Plaintiff's residence, or place of business;
( ) Defendant's residence; or
( ) Designation made by Plaintiff.

Date:    February 22, 2021
         Orchard Park, New York

Yours, etc.,

MEYERS BUTH LAW GROUP

By:  *Patrick J. Maloney*

PATRICK J. MALONEY, ESQ.
OF COUNSEL
Attorneys for plaintiffs
21 Princeton Place
Orchard Park, New York 14202
(716) 508-8598

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 802204/2021
RECEIVED NYSCEF: 02/23/2021

SUPREME COURT
STATE OF NEW YORK        COUNTY OF ERIE
_____

MICHELLE A. TASSEFF as Executrix of the Estate of
JOSEPHINE EWING,
54 Cloister Court
Blasdell, New York  14219

                        Plaintiff

                                                        **COMPLAINT**

            -vs-

                                                        Index No.


DANIELLE KWAKYE-BERKO, M.D.
ALFREDO RODES, M.D.
WNY MEDICAL, PC
CHRISTOPHER BIONDOLILLO, M.D.
NEIGHBORHOOD HEALTH CENTER
NORTHWEST BUFFALO COMMUNITY HEALTH CENTER

                        Defendants.
_____

        Plaintiff, MICHELLE A. TASSEFF, as Executor of the Estate of JOSEPHINE EWING
deceased, by and through her attorneys, Meyers Buth Law Group, PLLC, for her Complaint in
the subject action states as follows:


### FIRST CAUSE OF ACTION FOR PERSONAL INJURIES
### AND CONSCIOUS PAIN AND SUFFERING


        1.      That at the time of the incidents in question, the plaintiff, MICHELLE A TASSEFF,

was a resident of the County of Erie and State of New York and on January 29, 2021, MICHELLE

A. TASSEFF was issued Letters Testamentary by the Erie County Surrogate as the Executrix of the

Estate of JOSEPHINE EWING who died on March 15, 2019.

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 802204/2021
RECEIVED NYSCEF: 02/23/2021

2.      That, upon information and belief and at all times hereinafter mentioned, the defendant DANIELLE KWAKYE-BERKO, M.D., (hereinafter referred to as "KWAKYE-BERKO"), was and still is a physician duly licensed to practice her profession in the State of New York and held herself out to the public as a skilled and competent physician capable of properly and skillfully examining patients, of making diagnoses, and properly and skillfully treating, advising and caring for patients, and generally practicing the specialty of Internal Medicine.

3.      That upon information and belief, at all times herein mentioned, the defendant, KWAKYE-BERKO, was and still is a resident of the County of Erie, State of New York.

4.      That, upon information and belief and at all times hereinafter mentioned, the defendant ALFRADO RODES, M.D. (hereinafter referred to as "RODES"), was and still is a physician duly licensed to practice his profession in the State of New York and held himself out to the public as a skilled and competent physician capable of properly and skillfully examining patients, of making diagnoses, and properly and skillfully treating, advising and caring for patients, and generally practicing the specialty of Internal Medicine.

5.      That upon information and belief, at all times herein mentioned, the defendant, RODES, was and still is a resident of the County of Erie, State of New York.

6.      That, upon information and belief, and at all times hereinafter mentioned, the defendant, WNY MEDICAL, PC, was an organization duly organized and existing under the laws of the State of New York, having its principal place of business at 3995 Eggert Road, Orchard Park, New York, in the County of Erie and having the power to sue and to be sued.

7.      That, upon information and belief, and at all times hereinafter mentioned, the

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 802204/2021
RECEIVED NYSCEF: 02/23/2021

defendant, WNY MEDICAL, PC, held out its staff of physicians, residents, nurses, technicians and other medical personnel employed there as having the proper and requisite skills and learning required to render skillful and proper care and treatment of patients including examination, diagnosis and management of patients coming under its care and treatment.

8.      That, upon information and belief, and at all times hereinafter mentioned, defendant, KWAKYE-BERKO, was a member, partner, agent and/or employee of defendant, WNY MEDICAL, PC.

9.      That, upon information and belief, and at all times hereinafter mentioned, defendant, RODES, was a member, partner, agent and/or employee of defendant, WNY MEDICAL PC.

10.     That, upon information and belief and at all times hereinafter mentioned, the Defendant CHRISTOPHER BIONDOLILLO, M.D., was and still is a physician duly licensed to practice his profession in the State of New York and held himself out to the public as a skilled and competent physician capable of properly and skillfully examining patients, of making diagnoses, and properly and skillfully treating, advising and caring for patients, and generally practicing the specialty of Family Medicine.

11.     That upon information and belief, at all times herein mentioned, the defendant, CHRISTOPHER BIONDOLILLO, M.D., was and still is a resident of the County of Erie, State of New York.

12.     That, upon information and belief, and at all times hereinafter mentioned, the defendant, NEIGHBORHOOD HEALTH CENTER, was an organization duly organized and existing under the laws of the State of New York, having its principal place of business at 4233 Lake Avenue, Blasdell, New York, in the County of Erie and having the power to sue and to be

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 802204/2021
RECEIVED NYSCEF: 02/23/2021

sued.

13.    That, upon information and belief, and at all times hereinafter mentioned, the defendant, NEIGHBORHOOD HEALTH CENTER, held out its staff of physicians, residents, nurses, technicians and other medical personnel employed there as having the proper and requisite skills and learning required to render skillful and proper care and treatment of patients including examination, diagnosis and management of patients coming under its care and treatment.

14.    That, upon information and belief, and at all times hereinafter mentioned, defendant, CHRISTOPHER BIONDOLILLO, M.D., was a member, partner, agent and/or employee of defendant, NEIGHBORHOOD HEALTH CENTER.

15.    That, upon information and belief, and at all times hereinafter mentioned, the defendant, NORTHWEST BUFFALO COMMUNITY HEALTH CENTER, (hereinafter referred to as "NORTHWEST") was an organization duly organized and existing under the laws of the State of New York, having its principal place of business at 155 Lawn Avenue, Buffalo, New York, in the County of Erie and having the power to sue and to be sued.

16.    That, upon information and belief, and at all times hereinafter mentioned, the defendant, NORTHWEST, held out its staff of physicians, residents, nurses, technicians and other medical personnel employed there as having the proper and requisite skills and learning required to render skillful and proper care and treatment of patients including examination, diagnosis and management of patients coming under its care and treatment.

17.    That, upon information and belief, and at all times hereinafter mentioned, defendant, CHRISTOPHER BIONDOLILLO, M.D., was a member, partner, agent and/or employee of defendant, NORTHWEST.

18.    That, upon information and belief, and at all times hereinafter mentioned, on or

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 802204/2021
RECEIVED NYSCEF: 02/23/2021

about 8/4/2015 through 9/1/2017 and thereafter, the Decedent, JOSEPHINE EWING, came under

the care and treatment of Defendants, DANIELLE KWAKYE-BERKO, M.D., ALFREDO RODES, M.D.

and WNY MEDICAL PC.

19.     That, upon information and belief, and at all times hereinafter mentioned, on or

about 11/10/2017 and thereafter, the Decedent, JOSEPHINE EWING, came under the care and

treatment of Defendant, CHRISTOPHER BIONDOLILLO, M.D., NEIGHBORHOOD HEALTH CENTER

AND NORTHWEST BUFFALO COMMUNITY HEALTH CENTER, and remained under their care and

treatment until her death on 3/15/2019.

20.     That the care rendered to decedent by defendants, and each of them, was

negligently, carelessly and unskillfully performed.

21.     That solely due to the negligence of the defendants, and each of them, and as a

direct and proximate result of the failure of the defendants to properly and promptly diagnosis

and treat her symptoms and condition, the decedent, JOSEPHINE EWING, suffered severe and

permanent injuries all of which ultimately resulted in her death on March 15, 2019.

22.     That by virtue of the foregoing, decedent experienced great pain, suffering and

anguish prior to her death, all to her damage in an amount far exceeding the jurisdictional

limits of all lower courts.

### SECOND CAUSE OF ACTION FOR WRONGFUL DEATH

23.     That plaintiff repeats and realleges paragraphs 1 through 22, the same as if each

were more fully set forth herein.

24.     That decedent, JOSEPHINE EWING, died as a direct and proximate result of the

failure of the defendants, and each of them, to properly examine, diagnose and promptly treat

JOSEPHINE EWING from 8/4/2015 until her death on 3/15/2019.

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM
NYSCEF DOC. NO. 2

INDEX NO. 802204/2021
RECEIVED NYSCEF: 02/23/2021

25.     That decedent, JOSEPHINE EWING, left surviving her as her heirs and distributees, decedent's children, MICHELLE A. TASSEFF and DAVID W. EWING.

26.     That prior to the negligence and malpractice of defendants, decedent, JOSEPHINE EWING, was an able-bodied woman who devoted herself to the welfare and comfort of her family, and was the primary caretaker for DAVID W. EWING a disabled adult currently living with Downs Snydrome. By virtue of her wrongful death, decedent's children have been deprived of the comfort and society of decedent, JOSEPHINE EWING, and of her services, and of the moral, intellectual, physical and spiritual care and attention, guidance and training which only a mother can provide to her children.

27.     That on January 29, 2021, MICHELLE A. TASSEFF was awarded Letters Testamentary by the Erie County Surrogate.

28.     That by reason of all of the aforesaid, the Plaintiff incurred and became liable for and/or paid for the funeral and burial expenses and the medical and hospital expenses on behalf of decedent.

29.     That by reason of the foregoing, Plaintiff demands compensatory damages for the wrongful death of JOSHEPHINE EWING under New York EPTL §5-4.3 in an amount exceeding the jurisdictional limits of all lower courts.

WHEREFORE, Plaintiff demand judgment against the defendants as follows:

A. In the FIRST CAUSE OF ACTION, money damages sufficient to compensate Plaintiff, MICHELLE A. TASSEFF for the personal injuries and conscious pain and suffering of the decedent, JOSEPHINE EWING, and

**FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM**
NYSCEF DOC. NO. 2

INDEX NO. 802204/2021

RECEIVED NYSCEF: 02/23/2021

B. In the SECOND CAUSE OF ACTION, money damages in a sum sufficient to compensate

Plaintiff, MICHELLE A. TASSEFF for the wrongful death of decedent, JOSEPHINE EWING, plus the

costs and disbursements of this action.

Dated: February 22, 2021

MEYERS BUTH LAW GROUP, PLLC

Patrick J. Maloney, Esq., Of Counsel
Attorneys for Plaintiff
Meyers Buth Law Group
21 Princeton Place
Orchard Park, NY.  14127
Phone: 716-508-8598

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM

NYSCEF DOC. NO. 3

INDEX NO. 802204/2021

RECEIVED NYSCEF: 02/23/2021

SUPREME COURT
STATE OF NEW YORK       COUNTY OF ERIE

_____

MICHELLE A. TASSEFF as Executrix of the Estate of
JOSEPHINE EWING,
54 Cloister Court
Blasdell, New York   14219

                        Plaintiff

                                                **CERTIFICATE OF MERIT**

        -vs-

                                                Index No.

DANIELLE KWAKYE-BERKO, M.D.
ALFREDO RODES, M.D.
WNY MEDICAL, PC
CHRISTOPHER BIONDOLILLO, M.D.
NEIGHBORHOOD HEALTH CENTER
NORTHWEST BUFFALO COMMUNITY HEALTH CENTER

                    Defendants.

_____

STATE OF NEW YORK )

COUNTY OF ERIE  ) SS.:

        Patrick J. Maloney, Esq. , being duly sworn deposes and says:

        1. I am attorney for the plaintiffs.

        2. I make this Certificate pursuant to CPLR 3012-a.

        3. I have reviewed the facts of this case with a physician knowledgeable in the relevant

medical issues.

        4. Based on my review and consultation, I conclude that there is a reasonable basis upon

which to bring the action.

FILED: ERIE COUNTY CLERK 02/23/2021 03:39 PM

NYSCEF DOC. NO. 3

INDEX NO. 802204/2021

RECEIVED NYSCEF: 02/23/2021

Patrick J. Maloney, Esq.

Sworn to before me this
22nd day of February 2021.

Jennifer D. Ciccarella
Notary Public, State of New York
Qualified in Erie County
ID# 01CI6338517
Commission Expires March 14, 2024

SUPREME COURT
STATE OF NEW YORK  :  COUNTY OF ERIE

_____

MICHELLE A. TASSEFF, as Executrix of the
Estate of JOSEPHINE EWING

                             Plaintiffs,

v.
                                            Index No. : 802204/2021

DANIELLE KWAKYE-BERKO, M.D.
ALFREDO RODES, M.D.
WNY MEDICAL, PC
CHRISTOPHER BIONDOLILLO
NEIGHBORHOOD HEALTH CENTER
NORTHWEST BUFFALO COMMUNITY
 HEALTH CENTER

                           Defendants.

_____

## NOTICE OF THE UNITED STATES UNDER 42 U.S.C. § 233(l)(1)

      The United States of America, by its attorney, James P. Kennedy, Jr., United States

Attorney for the Western District of New York, Mary K. Roach, Assistant United States Attorney,

of counsel, provides the following notice pursuant to 42 U.S.C. § 233(l)(1):

      1.     The U.S. Department of Health and Human Services (HHS) notified this

office on March 29, 2021, of this state court action against defendants, Northwest Buffalo

Community Heath Care Center, Inc., d/b/a/ Neighborhood Health Center

("Neighborhood Health Center"), an entity described in 42 U.S.C. § 233(g)(4) (a public or

non-profit private entity receiving federal funds under section 254b of Title 42 pursuant to

the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) (FSHCAA)),

and Christopher Biondolillo, M.D., an employee of Neighborhood Health Center.

2.      Pursuant to 42 U.S.C. § 233(l)(1), the United States is appearing for the limited purpose of notifying the Court as to whether the Secretary of HHS has advised that Neighborhood Health Center, or any of the persons named above has been "deemed" to be an "employee of the Public Health Service" with respect to the actions or omissions that are the subject of this civil action.

3.      At present, HHS has advised only that Neighborhood Health Center has been "deemed" to be an "employee of the Public Health Service." HHS has not yet provided its report as to whether the deemed status of Neighborhood Health Center and/or the named persons under 42 U.S.C. §§ 233(g) and (h) extends to the acts or omissions that are the subject of this civil action. *See* 42 U.S.C. § 233(l)(1). *See* 28 C.F.R. § 15.3; *see also* 60 Fed. Reg. 22,530, 22,531 (May 8, 1995).

4.      Once HHS has completed its review and provided its report, the United States Attorney, as the U.S. Attorney General's delegate, will determine whether the acts alleged fall within the scope of 42 U.S.C. § 233(a), the applicable provisions of the FSHCAA, and were otherwise within the scope of Neighborhood Health Center's or the individuals' "deemed" employment. See 42 U.S.C. § 233(c); 28 C.F.R. § 15.4(b); 60 Fed. Reg. at 22,531. The United States Attorney has not yet been provided with sufficient information to make that determination. If the above-named defendants are so determined to have been deemed employees to be federal employees for purposes of the acts or omissions giving rise

to this suit, and that they were acting within the scope of their deemed employment, it is

anticipated that this action will be removed to federal court pursuant to 28 U.S.C. § 233(c).

DATED:      Buffalo, New York, March 31, 2021

JAMES P. KENNEDY, JR.
United States Attorney


BY:      S/Mary K. Roach
MARY K. ROACH
Assistant United States Attorney
United States Attorney's Office
Western District of New York 138
Delaware Avenue
Buffalo, New York 14202
716- 843-5866
Mary.k.roach@usdoj.gov

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM
NYSCEF DOC. NO. 11

INDEX NO. 802204/2021

RECEIVED NYSCEF: 04/05/2021

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

MICHELLE A. TASSEFF, as Executrix of the
Estate of JOSEPHINE EWING,

Plaintiff

vs.

DANIELLE KWAKYE-BERKO, M.D.,
ALFREDO RODES, M.D.,
WNY MEDICAL, P.C.,
CHRISTOPHER BIONDOLILLO, M.D.,
NEIGHBORHOOD HEALTH CENTER,
NORTHWEST BUFFALO COMMUNITY
HEALTH CENTER,

Defendants.

_____

**ANSWER**

Index No. 802204/2021

(Danielle Kwakye-Berko,
M.D.)

The defendant, Danielle Kwakye-Berko, M.D., through her attorneys, Gibson, McAskill & Crosby, LLP, for her answer to the complaint of the plaintiff, states upon information and belief as follows:

1)   Admits the allegations contained in paragraphs 2, 3, 4, 6 and 7 of the plaintiff's complaint.

2)   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 5, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 25, 27 and 29 of the plaintiff's complaint.

3)   As to paragraph 8 of the plaintiff's complaint, this defendant admits that she was an employee of WNY Medical, P.C. and otherwise denies the allegations contained therein.

4)   As to paragraphs 20, 21, 22, 24, 26 and 28 of the plaintiff's complaint, denies the allegations as directed to this defendant and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained therein.

5)   Denies each and every other allegation contained in the plaintiff's complaint not herein specifically admitted or otherwise denied.

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM
INDEX NO. 802204/2021

NYSCEF DOC. NO. 11
RECEIVED NYSCEF: 04/05/2021

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS
### DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

6)      That this action should be dismissed in whole or in part as barred by the applicable statute(s) of limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS
### DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

7)      That service upon the defendant, Danielle Kwakye-Berko, M.D., was improper and not in compliance with the Civil Practice Law and Rules and, therefore, the Court lacks jurisdiction over this defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE AND CROSS-CLAIM
### THIS DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

8)      That the defendant, Danielle Kwakye-Berko, M.D., denies any responsibility for the injuries as alleged in the plaintiff's complaint, but if the plaintiff should recover against this answering defendant, said defendant respectfully requests that the Court apportion the liability of all tortfeasors and their various culpability pursuant to Article 14 of the Civil Practice Law and Rules.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS
### DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

9)      That there was no negligence on the part of the defendant, Danielle Kwakye-Berko, M.D., which was the proximate cause of the injuries alleged in the complaint, but if this defendant is found to be liable to the plaintiff, then such liability is limited by Article 16 of the Civil Practice Law and Rules.

2

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM

NYSCEF DOC. NO. 11

INDEX NO. 802204/2021

RECEIVED NYSCEF: 04/05/2021

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

10)     That in the event that the plaintiff gives or has given a release or a covenant not to sue or not to enforce a judgment to one or more persons claimed by any party to be liable for the same injuries alleged in the plaintiff's complaint, the defendant, Danielle Kwakye-Berko, M.D., will seek an offset pursuant to Section 15-108 of the General Obligations Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

11)     That the plaintiff should be barred from recovery by reason of the fact that any damages sustained were entirely the result of the culpable conduct and/or assumption of the risk on the part of the plaintiff and/or the plaintiff's decedent, and in the event that the plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to the plaintiff and/or the plaintiff's decedent bears to the culpable conduct which caused such damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THIS DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

12)     That to the extent that the plaintiff seeks to recover for any sum other than fair and just compensation for the pecuniary injuries resulting from the decedent's death, such recovery is barred by Section 5-4.3 of the Estates, Powers and Trusts Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE THIS DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

13)     If the plaintiff is found to be entitled to recover damages, such damages may only be in such sum as the court finds to be fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the persons for whose benefit the action is brought, excluding the federal, state and local personal income taxes which the decedent would have been obligated by law to pay.

3

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM

NYSCEF DOC. NO. 11

INDEX NO. 802204/2021

RECEIVED NYSCEF: 04/05/2021

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE THIS
## DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

14)     That in the event the plaintiff recovers damages in this action which have been paid or are payable by a collateral source, the defendant, Danielle Kwakye-Berko, M.D., is entitled to a collateral source offset pursuant to Article 45 of the Civil Practice Law and Rules.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE THIS
## DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

15)     That should the defendant, Danielle Kwakye-Berko, M.D., be found liable for plaintiff's injuries, it is alleged upon information and belief that the plaintiff and/or the plaintiff's decedent failed to take steps to minimize the damages in whole or in part and therefore the plaintiff is foreclosed from recovery of that portion of the damages resulting from the failure(s) to mitigate.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE THIS
## DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

16)     The plaintiff has failed to join a necessary party or parties to this action.

**WHEREFORE,** this defendant demands judgment:  (1) dismissing the plaintiff's complaint; (2) diminishing the plaintiff's damages in the proportion to which the culpable conduct attributable to the plaintiff and/or the plaintiff's decedent bears to the culpable conduct which caused the damages; (3) diminishing the plaintiff's damages in the amount attributable to a failure to mitigate; (4) directing that the relative culpability of this defendant, if any, and her

4

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM

NYSCEF DOC. NO. 11

INDEX NO. 802204/2021

RECEIVED NYSCEF: 04/05/2021

various culpability, be apportioned among all defendants and other tortfeasors, and (5) directing that this defendant be indemnified by those defendants and other tortfeasors at fault, together with costs and disbursements of this action.

DATED:    BUFFALO, NEW YORK
          April 5, 2021

                          GIBSON, McASKILL & CROSBY, LLP


                          Kathleen M. Sweet, of Counsel
                          *Attorneys for Defendant*
                          *Danielle Kwakye-Berko, M.D.*
                          69 Delaware Avenue, Suite 900
                          Buffalo, New York  14202
                          (716) 856-4200


TO:   **MEYERS BUTH LAW GROUP**
      Patrick J. Maloney, Esq.
      *Attorneys for Plaintiff*
      21 Princeton Place
      Orchard Park, New York  14127
      716-508-8598

CC:   **UNITED STATES ATTORNEY'S OFFICE**
      Mary K. Roach, Esq.
      Assistant United States Attorney
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York  14202

5

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM
NYSCEF DOC. NO. 13

INDEX NO. 802204/2021
RECEIVED NYSCEF: 04/05/2021

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

MICHELLE A. TASSEFF, as Executrix of the
Estate of JOSEPHINE EWING,

Plaintiff

vs.

DANIELLE KWAKYE-BERKO, M.D.,
ALFREDO RODES, M.D.,
WNY MEDICAL, P.C.,
CHRISTOPHER BIONDOLILLO, M.D.,
NEIGHBORHOOD HEALTH CENTER,
NORTHWEST BUFFALO COMMUNITY
HEALTH CENTER,

Defendants.

**ANSWER**

Index No. 802204/2021

(Alfredo Rodes, M.D. and
WNY Medical, PC)

The defendants, Alfredo Rodes, M.D. and WNY Medical, P.C., through their attorneys, Gibson, McAskill & Crosby, LLP, for their answer to the complaint of the plaintiff, state upon information and belief as follows:

1)   Admit the allegations contained in paragraphs 2, 4, 5, 6 and 7 of the plaintiff's complaint.

2)   Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 3, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 25, 27 and 29 of the plaintiff's complaint.

3)   As to paragraphs 8 and 9 of the plaintiff's complaint, admit that Danielle Kwakye-Berko, M.D. and Alfredo Rodes, M.D. were employees of WNY Medical, P.C. and otherwise deny the allegations contained therein.

4)   As to paragraphs 20, 21, 22, 24, 26 and 28 of the plaintiff's complaint, deny the allegations as directed to these defendants and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained therein.

5)   Deny each and every other allegation contained in the plaintiff's complaint not herein specifically admitted or otherwise denied.

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM
NYSCEF DOC. NO. 13

INDEX NO. 802204/2021

RECEIVED NYSCEF: 04/05/2021

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THESE DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

6)      That this action should be dismissed in whole or in part as barred by the applicable statute(s) of limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THESE DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

7)      That service upon these defendants was improper and not in compliance with the Civil Practice Law and Rules and, therefore, the Court lacks jurisdiction over them.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE AND CROSS-CLAIM THESE DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

8)      That these defendants deny any responsibility for the injuries as alleged in the plaintiff's complaint, but if the plaintiff should recover against these answering defendants, said defendants respectfully request that the Court apportion the liability of all tortfeasors and their various culpability pursuant to Article 14 of the Civil Practice Law and Rules.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THESE DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

9)      That there was no negligence on the part of these defendants which was the proximate cause of the injuries alleged in the complaint, but if these defendants are found to be liable to the plaintiff, then such liability is limited by Article 16 of the Civil Practice Law and Rules.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THESE DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

10)      That in the event that the plaintiff gives or has given a release or a covenant not to sue or not to enforce a judgment to one or more persons claimed by any party to be liable for the same injuries alleged in the plaintiff's complaint, these defendants will seek an offset pursuant to Section 15-108 of the General Obligations Law.

2

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM
NYSCEF DOC. NO. 13

INDEX NO. 802204/2021

RECEIVED NYSCEF: 04/05/2021

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THESE
### DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

11)     That the plaintiff should be barred from recovery by reason of the fact that any damages sustained were entirely the result of the culpable conduct and/or assumption of the risk on the part of the plaintiff and/or the plaintiff's decedent, and in the event that the plaintiff is entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to the plaintiff and/or the plaintiff's decedent bears to the culpable conduct which caused such damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THESE
### DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

12)     That to the extent that the plaintiff seeks to recover for any sum other than fair and just compensation for the pecuniary injuries resulting from the decedent's death, such recovery is barred by Section 5-4.3 of the Estates, Powers and Trusts Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE THESE
### DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

13)     If the plaintiff is found to be entitled to recover damages, such damages may only be in such sum as the court or referee finds to be fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the persons for whose benefit the action is brought, excluding the federal, state and local personal income taxes which the decedent would have been obligated by law to pay.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE THESE
### DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

14)     That in the event the plaintiff recovers damages in this action which have been paid or are payable by a collateral source, these defendants are entitled to a collateral source offset pursuant to Article 45 of the Civil Practice Law and Rules.

3

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM

NYSCEF DOC. NO. 13

INDEX NO. 802204/2021

RECEIVED NYSCEF: 04/05/2021

**TO:**   **MEYERS BUTH LAW GROUP**
Patrick J. Maloney, Esq.
*Attorneys for Plaintiff*
21 Princeton Place
Orchard Park, New York  14127
716-508-8598

**CC:**   **UNITED STATES ATTORNEY'S OFFICE**
Mary K. Roach, Esq.
Assistant United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202

5

FILED: ERIE COUNTY CLERK 04/05/2021 03:41 PM
NYSCEF DOC. NO. 13

INDEX NO. 802204/2021

RECEIVED NYSCEF: 04/05/2021

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE THESE
### DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

15)     That should these defendants be found liable for plaintiff's injuries, it is alleged upon information and belief that the plaintiff and/or the plaintiff's decedent failed to take steps to minimize the damages in whole or in part and therefore the plaintiff is foreclosed from recovery of that portion of the damages resulting from the failure(s) to mitigate.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE THESE
### DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

16)     The plaintiff has failed to join a necessary party or parties to this action.

**WHEREFORE,** these defendants demand judgment:  (1) dismissing the plaintiff's complaint; (2) diminishing the plaintiff's damages in the proportion to which the culpable conduct attributable to the plaintiff and/or the plaintiff's decedent bears to the culpable conduct which caused the damages; (3) diminishing the plaintiff's damages in the amount attributable to a failure to mitigate; (4) directing that the relative culpability of these defendants, if any, and their various culpability, be apportioned among all defendants and other tortfeasors, and (5) directing that these defendants be indemnified by those defendants and other tortfeasors at fault, together with costs and disbursements of this action.

DATED:     BUFFALO, NEW YORK
           April 5, 2021

**GIBSON, McASKILL & CROSBY, LLP**

Kathleen M. Sweet, of Counsel
*Attorneys for Defendants*
*Alfredo Rodes, M.D. and*
*WNY Medical, P.C.*
69 Delaware Avenue, Suite 900
Buffalo, New York  14202
(716) 856-4200

4

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

MICHELLE A. TASSEFF, as Executrix of the
Estate of JOSEPHINE EWING,

Plaintiff

vs.

DANIELLE KWAKYE-BERKO, M.D.,
ALFREDO RODES, M.D.,
WNY MEDICAL, P.C.,
CHRISTOPHER BIONDOLILLO, M.D.,
NEIGHBORHOOD HEALTH CENTER,
NORTHWEST BUFFALO COMMUNITY
HEALTH CENTER,

Defendants.

---

**NOTICE OF EXAMINATION
BEFORE TRIAL**

Index No. 802204/2021

**PLEASE TAKE NOTICE** that pursuant to Article 31 of the Civil Practice Law and Rules the testimony of the plaintiff, Michelle A. Tasseff, will be taken before Kevin Hunt, C.S.R. or another person authorized to administer oaths under the laws of the State of New York, at a date and time mutually agreed upon by all parties at 69 Delaware Avenue, Suite 900, Buffalo, New York 14202.

That the matters upon which such person or persons are to be examined are all the relevant facts and circumstances in connection with the events alleged in the complaint herein, including negligence, liability and damages.

**PLEASE TAKE FURTHER NOTICE** that the party to be examined is requested to produce prior to said examination any and all records, writings, electronic communications, memoranda, diaries, journals and data including any diagnostic imaging studies or reports thereof in her possession relating to the matters upon which the examination is sought herein for the purpose of refreshing her recollection.

DATED:     BUFFALO, NEW YORK
April 5, 2021

**GIBSON, McASKILL & CROSBY, LLP**

Kathleen M. Sweet, of Counsel
*Attorneys for Defendants*
*Danielle Kwakye-Berko, M.D.*
*Alfredo Rodes, M.D. and*
*WNY Medical, P.C.*
69 Delaware Avenue, Suite 900
Buffalo, New York  14202
(716) 856-4200

**TO:**   **MEYERS BUTH LAW GROUP**
Patrick J. Maloney, Esq.
*Attorneys for Plaintiff*
21 Princeton Place
Orchard Park, New York  14127
716-508-8598

**CC:**   **UNITED STATES ATTORNEY'S OFFICE**
Mary K. Roach, Esq.
Assistant United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHELLE A. TASSEFF, as Executrix of the
Estate of JOSEPHINE EWING,

               Plaintiff,

     v.

DANIELLE KWAKYE-BERKO, M.D.,
ALFREDO RODES, M.D.
WNY MEDICAL, P.C.,
CHRISTOPHER BIONDOLILLO, M.D.,
NEIGHBORHOOD HEALTH CENTER,
NORTHWEST BUFFALO COMMUNITY
 HEALTH CENTER,
              Defendants.

---

## **CERTIFICATION**

       Pursuant to 42 U.S.C. § 233(c), James P. Kennedy, Jr., the United States Attorney

for the Western District of New York, hereby certifies that he has read the Complaint and,

based upon the information currently available, he is of the opinion that the above named

defendants, Christopher Biondolillo, M.D., Neighborhood Health Center and Northwest

Buffalo Community Health Center were acting within the scope of their employment as

health care providers under the Federally Supported Health Centers Assistance Act (42

U.S.C. § 233(g)-(n)) with respect to the claims alleged in the Complaint.

       DATED: Buffalo, New York, June 8, 2021.

                                  S/JAMES P. KENNEDY, JR.
                                  United States Attorney
                                  Western District of New York
                                  138 Delaware Avenue
                                  Buffalo, New York  14202
                                  (716) 843-5700